SDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

MOYAVANT CAMINERO,

Defendant.

02 Cr. 66 (JGK)
02 Cr. 230 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The defendant, Moyavant Caminero, seeks an order to expunge his criminal record in the above-captioned matter. For the reasons that follow, the application is denied.

In 2007, the defendant was convicted and sentenced for having failed to appear in court. The defendant submitted a letter to the Court dated April 27, 2009, requesting that his conviction be expunged. The defendant alleges that his "model behavior" and "unblemished prison disciplinary record" warrant expungement of his conviction. In addition, the defendant reiterates his original defense for his failure to appear: that he and his family received several death threats, and he feared an attempt on his life if he appeared in court. The defendant seeks expungement of his conviction because he believes it would enable him to transfer to a prison facility closer to his family and to enroll in additional rehabilitative programs. The Government opposes the defendant's application on the grounds

that the defendant not shown the kind of "extreme circumstances" necessary to warrant expungement of his valid conviction.

It is well established that a federal district court may exercise its inherent equitable powers to order the expungement of criminal records. See United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (citing United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)); In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) (internal citations omitted). In determining whether to order expungement, a court must balance the defendant's interest in avoiding any harm caused by the record against the government's interest in effective law enforcement, which is furthered by the preservation of criminal records. Schnitzer, 567 F.2d at 539; United States v. McFadzean, No. 93 Cr. 25, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999).

Despite this balancing of interests, the Court of Appeals for the Second Circuit has recognized "that the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.'" Schnitzer, 567 F.2d at 539-40 (quoting United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975)); see United States v. Rabadi, 889 F. Supp. 757, 759 (S.D.N.Y. 1995). Courts generally have found "extreme circumstances" to exist where "an arrest was unconstitutional,

an arrest was made for purposes of harassment . . . , a determination of probable cause is impossible because arrests were made en masse, or the records have been misused by the government." McFadzean, 1999 WL 993641, at *2; see Schnitzer, 567 F.2d at 540; Rosen, 343 F. Supp. at 807 (internal citations omitted). "While expunging a record may be an appropriate remedy where an arrest is unconstitutional, it does not seem appropriate where a conviction was valid when entered." United States v. Doe, 36 F. Supp. 2d 143, 143 (S.D.N.Y. 1999) (internal citations omitted). Courts generally reserve the power of expungement for the extreme circumstances when "an arrest or conviction is invalidated by government error or misconduct and the defendant's innocence is presumed." United States v. Robinson, No. 04 Cr. 0580, 2007 WL 2077732, at *2 (E.D.N.Y. 2007); see United States v. Morelli, No. 91 Cr. 639, 1999 WL 459784, at *3 (S.D.N.Y. 1999) (internal citations omitted).

In this case, the defendant fails to present the Court with any of the recognized circumstances supporting expungement. The defendant's claim that his conviction prevents him from relocating to a more convenient prison facility and from taking additional rehabilitation classes does not satisfy the requirement of "extreme circumstances." The defendant has not alleged that the Government misused his records or that his arrest was unconstitutional or was made for an improper purpose.

Moreover, there is no allegation that the defendant was not guilty of the offense for which he was convicted. The defendant has also failed to argue that his criminal record is inaccurate in any respect. In any event, the defendant's interest in obtaining a transfer and in enrolling in additional rehabilitation programs does not outweigh the Government's substantial interest in preserving criminal records to promote effective law enforcement.

## CONCLUSION

For the reasons set forth above, the defendant's application for an order of expungement is **denied**.

**SO ORDERED.**

Dated:   New York, New York
         July 17, 2009

_____
John G. Koeltl
United States District Judge

4